KAREN A. OVERSTREET
Bankruptcy Judge
United States Courthouse
700 Stewart Street, Rm. 6301
Seattle, WA 98101-1271
(206) 370-5330

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re ) | |
| ) | Chapter 13 |
| BARBARA WOMACK, ) | |
| ) | Bankruptcy No. 05-30565 |
| ) | |
| Debtor. ) | |
| ) | **ORDER CONFIRMING EFFECT** |
| ) | **OF AUTOMATIC STAY** |
| _____ ) | |

This matter came before the Court on Washington Mutual Bank, FA's ("WAMU") Motion for Order Confirming Automatic Stay is Not in Effect Under 362(c)(3)(A) (the "Motion"). The debtor objected to the Motion and the Court heard argument of counsel for WAMU, Katrina Glogowski, and counsel for the debtor, Lance Lee, at a hearing on April 5, 2006. The Motion seeks an order (i) confirming that the automatic stay in this case terminated on the 30th day following the petition date pursuant to 11 U.S.C. § 362(c)(3)(A),[1] and (ii) permitting WAMU to proceed with its foreclosure of a deed of trust against the debtor's residence. The parties do not dispute the following facts:

1. The debtor owns a residence located at 4049 145th Avenue N.E., in Bellevue, Washington. The residence is subject to a

---

[1] 11 U.S.C. § 362(c)(3) was enacted pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").

ORDER - 1

1 deed of trust in favor of WAMU.  Prior to the petition date in
2 this case, WAMU commenced a nonjudicial foreclosure action as to
3 the residence pursuant to the terms of its deed of trust.
4     2.  The debtor filed a chapter 13 petition on October 3,
5 2003 (case no. 03-24012) (the "First Filing").  The case was
6 dismissed on October 17, 2005, after the debtor failed to make
7 payments required under her chapter 13 plan.  The case was closed
8 on November 10, 2005.
9     3.  The debtor commenced this case on December 2, 2005.  The
10 debtor did not file a motion seeking to extend the automatic stay
11 pursuant to 11 U.S.C. § 362(c)(3)(B).  Consequently, WAMU
12 contends that the stay terminated automatically on the 30th day
13 following the petition date.
14     4.  The debtor's residence is property of the estate
15 pursuant to 11 U.S.C. § 541 as of the petition date in this case.
16     5.  The parties agree that the First Filing was a prior
17 pending case for the purpose of 11 U.S.C. § 363(c)(3)(A).

This Court agrees with the analysis of the court in *In re Jones*, __ B.R. __, 2006 WL 728029 (Bankr. E.D. N.C. 2006), and for the reasons stated therein, this Court holds that 11 U.S.C. § 363(c)(3)(A) does not provide for automatic termination of the stay with respect to property of the estate.  *See also In re Johnson*, 335 B.R. 805, 806 (Bankr. W.D. Tenn. 2006); *In re Moon*, __ B.R. __, 2006 WL 787793 (Bankr. N.D. Ohio 2006).  The plain language of the statute refers to termination of the stay only as to actions taken "with respect to the debtor."  Therefore, it is not necessary for the Court to examine the legislative history of

ORDER - 2

Section 363(c)(3)(A) under BAPCPA to determine the intent of Congress in enacting this provision. Because the debtor's residence was protected by the stay as of the petition date, the debtor was not required to seek an extension of the stay pursuant to 11 U.S.C. § 363(c)(3)(B) within 30 days after the petition date.

    NOW, THEREFORE, for the foregoing reasons, it is hereby ORDERED that the Motion is DENIED and the stay continues in effect as to the debtor's residence from and after the petition date until the residence is no longer property of the estate.

    DATED this 5th day of April, 2006.

                                      /s/ Karen A. Overstreet
                                      KAREN A. OVERSTREET
                                      UNITED STATES BANKRUPTCY JUDGE

ORDER - 3